**19MAG 5809**

Approved: _____
Ryan B. Finkel
Assistant United States Attorney

Before: HON. SARAH NETBURN
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :     **COMPLAINT**
                                  :
            - v. -                :     Violation of
                                  :     21 U.S.C. § 846
RICARDO REYNOSO,                  :
                                  :
            Defendant.            :     COUNTY OF OFFENSE:
                                  :     NEW YORK
- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

CARLOS CARRASCO, being duly sworn, deposes and says that he is a Task Force Officer with the Drug Enforcement Administration ("DEA") and charges as follows:

COUNT ONE
(Conspiracy to Distribute Narcotics)

1. From at least on or about June 3, 2019 up to and including at least on or about June 19, 2019, in the Southern District of New York and elsewhere, RICARDO REYNOSO, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that RICARDO REYNOSO, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substance that RICARDO REYNOSO, the defendant, conspired to distribute and possess with intent to distribute was 400 grams and more of mixtures and substances

containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

4. I am a Task Force Officer with the DEA and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, and my review of documents as well as my conversations with law enforcement agents and witnesses. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5. Based on my participation in this investigation, my review of law enforcement reports and records, my conversations with other law enforcement officers, witnesses, and a particular individual ("CC-1")[1] I have learned the following, in substance and in part:

a. From at least on or about June 3, 2019 through on or about June 19, 2019, CC-1 has been in contact with CC-2 by phone. Based on conversations I have had with CC-1, I have learned that CC-2 arranged with individuals in or around Massachusetts for CC-1 to obtain fentanyl pills for sale by CC-1

---

[1] CC-1 was previously arrested in possession of approximately 1.12 kilograms of heroin in New York City and has since been working at the direction of law enforcement. The heroin that CC-1 possessed was a result of a transaction arranged by a particular individual ("CC-2"). CC-1 has not pled guilty to any crimes and is working with law enforcement to attempt to reduce a potential sentence. CC-1's information in this investigation has been corroborated by other means including audio recordings. Approximately 10 years ago, CC-1 worked as a confidential source for a law enforcement agency but the law enforcement agency learned that while serving as a source CC-1 committed other crimes. CC-1 claimed those crimes were committed at the direction of law enforcement but they were not. CC-1 was subsequently deactivated as a confidential source.

3

in New York City. Calls between CC-1 and CC-2 have been recorded and I have listened to those calls.

b. On or about June 3, 2019, per instructions from CC-2, CC-1 met with two particular individuals ("CC-3" and "CC-4") in or around Massachusetts and obtained from them approximately 1,000 pills. CC-1 did not pay for these pills. CC-1, per CC-2, was to take the pills back to New York City to be sold.

c. Those thousand pills were later tested by law enforcement officers and they tested positive for the presence of fentanyl and weighed approximately 170 grams.

d. On or about June 18, 2019, CC-2 arranged for CC-1 to meet with individuals in Connecticut to receive an additional 3,000 fentanyl pills for sale in New York City.

e. On or about June 19, 2019, per instructions from CC-2, CC-1 met an individual later identified as RICARDO REYNOSO, the defendant, in or around Connecticut. REYNOSO and CC-1 met inside REYNOSO's car. Their conversation was recorded, although I have not yet listened to it. Based on my conversations with CC-1, I have learned that while inside the car, CC-1 inquired, in substance and in part, whether REYNOSO had the same pills as last time, referring to the transaction involving 1,000 pills discussed above. REYNOSO confirmed that he did and displayed for CC-1 a zip lock bag containing pills wrapped in plastic ("Bag-1"). CC-1 and REYNOSO then discussed, in substance and in part, that CC-1 would take the pills back to New York City to sell them to a buyer and return to REYNOSO with money he owed. Shortly thereafter, REYNOSO was arrested.

f. Following his arrest, REYNOSO was advised of his *Miranda* rights and agreed to speak with law enforcement officers. REYNOSO stated, in substance and in part, that he had picked up another individual ("CC-5") in his car. When CC-5 got in REYNOSO's car, CC-5 placed a bag under the seat. REYNOSO further claimed, in substance and in part, that he later met CC-1 and CC-5 inside a restaurant near where REYNOSO was subsequently arrested. According to REYNOSO, he, CC-1 and CC-5 were in the restaurant for approximately 40 minutes and had lunch. REYNOSO further claimed, in substance and in part, that after lunch CC-1 entered REYNOSO's car, and while inside CC-1 took the bag that CC-5 left under the seat. REYNOSO stated in substance and in part, that he believed the bag contained money.

        g.   While in Connecticut, law enforcement officers surveilled CC-1 and never observed him enter a restaurant.

        h.   Based on my observations of the pills in Bag-1, these pills appear similar to the 1,000 pills that tested positive for the presence of fentanyl that CC-1 acquired on or about June 3, 2019.

WHEREFORE, deponent respectfully requests that RICARDO REYNOSO, the defendant, be imprisoned or bailed, as the case may be.

_____
CARLOS CARRASCO
Task Force Officer
Drug Enforcement Administration


Sworn to before me this
19th day of June, 2019

_____
THE HONORABLE SARAH NETBURN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK